UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON JAMES GARDNER,<br>Plaintiff,<br>v.<br>SACRAMENTO COUNTY SUPERIOR COURT, et al.,<br>Defendants. | Case No. 2:26-cv-3224-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, a detainee in the Sacramento County Jail, alleges that defendants violated his rights by seizing his flash drives that contained work product for an ongoing state criminal trial against him. ECF No. 1 at 3-4. These allegations do not state a cognizable claim and, because no amendment appears capable of saving them, I recommend dismissal of the complaint without leave to amend. Additionally, I will grant plaintiff's second application to proceed *in forma pauperis*, ECF No. 5, and deny his earlier one, ECF No. 2, as moot.

**Screening Order**

**I. Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Analysis

Plaintiff alleges that a judge of the Sacramento County Superior Court and a Sacramento County District Attorney have violated his rights by seizing his flash drives containing his "work product" for an ongoing criminal trial against him. ECF No. 1 at 3-4. He also alleges that the Sacramento County Superior Court wrongfully denied his motion to dismiss that was premised on state law. *Id.* at 5. These claims are fundamentally deficient for two reasons.

First, under the *Younger* abstention doctrine, federal courts are generally prohibited from interfering in ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention is required where "(1) a state-initiated proceeding is ongoing; (2) the

proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so . . . ." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Here, all those elements appear to be met. Plaintiff's state trial appears to be ongoing, his criminal proceedings implicate important state interests, there is no apparent bar to him litigating these issues in state court, and any evidentiary ruling (or ruling second guessing the state court's decision not to dismiss his case) from this court would have the practical effect of enjoining those proceedings.

Second, neither a state judge nor a district attorney is a cognizable defendant in a section 1983 action. A state judge is absolutely immune from civil liability for acts taken in his or her judicial capacity. *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). Similarly, a district attorney has absolute immunity from suit for activities undertaken as the state's advocate in criminal proceedings. *Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009). Finally, although plaintiff names the Sacramento County Sheriff in his complaint, it is silent as to any wrongdoing on his part and, given that his claims implicate the conduct of his criminal trial, it seems unlikely that plaintiff can sustain any viable claim against him.

Typically, I offer plaintiffs an opportunity to amend their complaints so that they may attempt to remedy the deficiencies identified by my screening orders. Here, however, plaintiff's claims appear entirely foreclosed such that no amendment appears capable of saving them. Accordingly, I will recommend that this action be dismissed for failure to state a claim.

Accordingly, it is ORDERED that:

1. The Clerk of Court shall assign a district judge to this action.

2. Plaintiff's application to proceed *in forma pauperis*, ECF No. 5, is GRANTED, and his earlier application, ECF No. 2, is DENIED as moot.

Further, it is RECOMMENDED that the complaint, ECF No. 1, be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 15, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE